**BEFORE THE UNITED STATES JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| | : | |
| IN RE: DICAMBA HERBICIDES LITIGATION | : | MDL NO. _____ |
| | : | |

**MOTION OF PLAINTIFFS BRIAN WARREN AND WARREN FARMS TO TRANSFER ACTIONS TO THE SOUTHERN DISTRICT OF ILLINOIS FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. §1407**

Plaintiffs Brian Warren and Warren Farms (collectively, the "Plaintiffs" or "Movants"), respectfully move this Panel, pursuant to 28 U.S.C. §1407, for an order transferring the actions identified in the attached Schedule of Actions, as well as all subsequently filed actions, to the United States District Court for the Southern District of Illinois. In support of their motion, Plaintiffs state:

1.      This litigation arises out of the design, manufacture, and sale of defective dicamba herbicides and dicamba resistant crop systems by Defendants Monsanto Company ("Monsanto"), BASF Corporation ("BASF"), Dupont De Nemours and Company ("Dupont"), and their subsidiaries and affiliates. Seven putative class actions, and two individual actions, have been filed in five different jurisdictions challenging the same conduct. In each action, the complaint asserts substantially similar causes of action, alleges defects in the same products, and includes common Defendants. Actions have been commenced in the United States District Court for the Southern District of Illinois, the District of Kansas, the Western District of Missouri, the Eastern District of Arkansas, and the Eastern District of Missouri. All of the Plaintiffs in all of the actions allege similar negligence and products liability claims against the Defendants.

2.      Defendants Monsanto, BASF and Dupont manufacture, market, advertise and sell dicamba herbicides and dicamba resistant crop systems throughout the United States. In

1

conjunction with each sale, Defendants marketed and advertised that their dicamba herbicides and dicamba resistant crop systems could be used safely and effectively without risk of off-target herbicide movement.

3.      Defendants' dicamba herbicides, are defective in that they are highly volatile, cannot remain on-target, and cannot be used safely without egregious risk of harm to others.

4.      All of the complaints make similar factual allegations. Each complaint alleges that the dicamba herbicides and dicamba resistant crop systems are defective, despite Defendants' representations to the contrary.

5.      Although the Complaints assert claims under the laws of four different states, similar theories of recovery are alleged in all of the cases such as negligence and products liability claims. Some of the complaints seek recovery under the Unfair Trade Practices and Consumer Protection laws of the states where the plaintiffs reside.

6.      All of the cases were filed within the last year, and none of these cases have advanced significantly through discovery.

7.      The transfer and coordination or consolidation of the dicamba cases will serve the convenience of the parties, witness, counsel, and the judicial system while promoting the just and efficient conduct of the actions.

8.      Absent pretrial coordination or consolidation, the possibility of inconsistent pretrial rulings exists on issues such as the proper scope and extent of discovery, class certification and other factual and legal matters, thus warranting transfer and coordination or consolidation of the actions.

9.      The United States District Court for the Southern District of Illinois is an appropriate forum as it is a jurisdiction that is heavily affected by dicamba damage and geographically central to the other areas affected by dicamba damage. The district is accessible to all parties to counsel and parties involved in this litigation, and has shown skill and experience presiding over other complex product liability litigations in the past.

WHEREFORE, Plaintiffs respectfully request that this Panel issue an appropriate order transferring all actions listed in the attached Schedule of Actions, as well as all subsequently filed related actions, to the United States District court for the Southern District of Illinois for coordinated or consolidated pretrial proceedings.

DATED this 22nd day of November, 2017

Respectfully submitted,

/s/ René F. Rocha III

_____

René F. Rocha III
MORGAN & MORGAN—COMPLEX
LITIGATION GROUP
909 Poydras Street
Suite 1625
New Orleans, LA 70112
T:  (305) 989-8688
F:  (954) 327-3018
rrocha@forthepeople.com
LA Bar #34411

Ronald E. Osman
RONALD E. OSMAN & ASSOCIATES
1602 W. Kimmel Street
Marion, IL 62959
T:  (618) 997-5151
rosman@marion.quitamlaw.com
IL Bar #3123542
**Attorneys for Plaintiffs**

3